UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ROBERT SEXTON | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Case No. 1:15-CV-00230 |
| | § | |
| THE CINCINATTI INSURANCE COMPANY | § | |
| Defendant | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

NOW COME, ROBERT SEXTON, Plaintiff, and complains of Defendant THE CINCINATTI INSURANCE COMPANY ("CINCINATTI") and for cause of action shows:

### I.    PARTIES

1.1    Plaintiff is an individual who resides in Williamson County, Texas.

1.2    Defendant CINCINATTI is an insurance company authorized to do business in the State of Texas, and is doing business in Travis County, Texas.  Service of Process may be made on its registered agent for service National Registered Agents, Inc. 1999 Bryan Street, Suite 900 Dallas, Texas 75201-3136.

### II.    NATURE OF SUIT, JURISDICTION AND VENUE

2.1    This is an action arising out of an accident occurring on or around June 3, 2013, in which Plaintiff sustained serious personal injuries.  The accident was caused by an underinsured driver, who was negligent in the operation of a motor vehicle and was an underinsured motorist at the time of the accident.  Plaintiff sues Defendant for various violations of the Texas Insurance Code, Texas Deceptive Trade Practices Act, and for breach of contract.

2.2    This Court has diversity jurisdiction over this case because the suit involves a

1

controversy between parties of diverse citizenship Plaintiff is alleging an amount in controversy which exceeds $75,000.  *See* 28 U.S.C. § 1332(a).

### III.   FACTS AND BACKGROUND

3.1     On June 3, 2013, Mr. Sexton was a lawfully traveling on Interstate 20 when he was rear ended by an underinsured motorist named Thomas Williams who impacted him from behind at a high rate of speed.  The impact caused Plaintiff to be severely injured.

3.2     At the time of the accident made the basis of this lawsuit, Mr. Williams was underinsured given the nature and amount of damages incurred by his negligence.  Mr. Williams was negligent in the operation of his motor vehicle proximately causing the accident which injured Plaintiff.  Mr. Williams had a duty to exercise ordinary care and operate the vehicle reasonably and prudently, which duty was breached in one or more of the following ways:

    a.     failing to maintain a proper lookout;

    b.     failing to turn the vehicle in order to avoid the collision;

    c.     failing to keep an assured clear distance in  violation of §545.062 of the Texas Transportation Code;

    d.     failing to timely apply his brakes.

3.3      As a proximate cause of the negligence of the Mr. Williams, an underinsured motorist, Plaintiff suffered damages including personal injuries.   Specifically, Plaintiff has incurred medical expenses in the past and will, in all likelihood, suffer medical expenses in the future.  Plaintiff was forced to endure surgery to address his injuries resulting from the accident.  Further, Plaintiff has suffered mental anguish and physical pain and suffering damages as a result of the underinsured motorist's negligence and will likely suffer such damages in the future.

3.4      Plaintiff timely and properly notified Defendant of the accident.  Plaintiff fully

complied with all the conditions of the policy in filing his underinsured motorist claims with Defendant.  By virtue of the special relationship between Plaintiff and Defendant, Defendant owed Plaintiff the duty of good faith and fair dealing with respect to Plaintiff's claims.

3.5     Defendant breached these duties and their contract by refusing to pay benefits when Defendants knew or should have known that it was reasonably clear that benefits were due under the personal automobile insurance policy.  Defendant has failed and refused, and still fail and refuse to pay Plaintiff any and/or adequate benefits under the referenced policy as it is contractually required to do.

## IV.     VIOLATIONS OF THE TEXAS INSURANCE CODE

4.1     Defendant's conduct as described above constitutes a violation of Section 541.060 of the Texas Insurance Code.  Specifically, Defendant has violated the following sections of the Article:

   a. Misrepresenting material facts *or* the policy provisions relating to coverage of the insurance contract made the basis of this suit.

   b. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the plaintiff's claim once the defendant's liability became reasonably clear.

   c. Failing to provide promptly a reasonable explanation of the defendant's basis for its denial of the plaintiff's claim.

   d. Refusing to pay the claim without first conducting a reasonable investigation of the matter.

   e. Engaging in an act or practice prohibited by Section 17.46(b) of the Texas Deceptive Trade Practices Act.

4.2    Further, Plaintiff gave written notice of their claims under 542.051 et seq. of the

Texas Insurance Code (Prompt Payment of Claims) and seek all damages and interest

afforded under same.

## V.    TEXAS DECEPTIVE TRADE PRACTICES ACT

5.1    Defendant's conduct as described above constitutes a violation of the Texas

Deceptive Trade Practices Act ("DTPA").  Specifically, Defendant has violated the

following sections of the DTPA:

A. Representing that goods or services have sponsorship, approval,
characteristics, ingredients, uses, benefits, or quantities which they do
not have or that a person has a sponsorship, approval, status, affiliation,
or connection which he does not have (Tex.Bus.Com.Code, Section
17.46(b)(9));

B. Advertising goods or services with intent not to sell them as advertised
(Tex.Bus.&Com.Code, Section 17.46(b)(9));

C. Breach of an express or implied warranty (Section 17.50(a)(2));

D. An unconscionable action or course of action (Section 17.50(a)(3));

E. The use or employment by any person of an act or practice in violation
of Article 21.21 of the Texas Insurance Code (Section 17.50(a)(4)).

## VI.    BREACH OF CONTRACT

6.1    Plaintiff entered into a contract with Defendant, whereby the insurer agreed to

protect Plaintiff against damages incurred as a result of underinsured motorists up to the policy

limits.   Defendant has failed and continue to fail to perform its contractual obligations.

Specifically, Defendant has failed to offer a sum that is adequate to compensate Plaintiff for the

losses he has incurred to date.

6.2     Plaintiff has fully performed all conditions, covenants, and promises under the contract to be performed on his part pursuant to Rule 54 of the Texas Rules of Civil Procedure.

## VIII.  CLAIM UNDER UNIFORM DECLARATORY JUDGMENTS ACT

7.1     Plaintiff also pleads a claim under the Uniform Declaratory Judgments Act pursuant to Tex. Civ. Prac. & Rem. Code 37.000 et seq.  Plaintiff seeks the court to declare the rights, status, and other legal relations of the parties to the insurance contract.  TEX. CIV. PRAC. & REM. CODE 37.002(b).  Plaintiff invokes the Uniform Declaratory Judgments Act and seeks attorneys' fees under said statute.

## IX.  DAMAGES

Plaintiff further alleges that as a direct and/or proximate result of the breaches, acts and omissions of Defendant, he has suffered injuries and damages.  Plaintiff has been forced to seek costly medical treatments.  Reasonable compensation should be awarded for Plaintiff's past and future medical expenses, past and future pain and suffering, past and future physical impairment, loss of earning capacity, attorneys' fees, judgment interest, statutory penalties and consequential damages.

## X. CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant THE CINCINATTI INSURANCE COMPANY be cited to appear and answer and that, upon a final hearing of this cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the limits of the Court; attorney's fees, and penalties, together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**DESHAZO & NESBITT, L.L.P.**


 /s/ Scott DeShazo
Scott F. DeShazo
  State Bar No.  24011414
  sdeshazo@dnaustin.com
Thomas A. Nesbitt
  State Bar No.  24007738
tnesbitt@dnaustin.com
809 West Avenue
Austin, Texas 78701
(512) 617-5560
(512) 617-5563 Facsimile

**ATTORNEYS FOR PLAINTIFF**

6